Jay J. Schuttert, Esq. (SBN 8656)
Brody R. Wight, Esq. (SBN 13615)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
jschuttert@efsmmlaw.com
bwight@efsmmlaw.com
*Attorneys for Defendants, CVS Pharmacy, Inc.,*
*Sunbeam Products, Inc., Newell Brands.,*
*Inc., Newell Brands Distribution LLC*

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| CAROL JONES, an individual, | **Case No.** |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| CVS PHARMACY, INC., SUNBEAM PRODUCTS, INC., NEWELL BRANDS, INC., NEWELL BRANDS DISTRIBUTION LLC., and DOES 1-100, inclusive. | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, CVS Pharmacy, Inc.; Sunbeam Products, Inc.; Newell Brands, Inc., and Newell Brands Distribution LLC, by and through its attorneys, hereby submits this Notice of Removal from the Eighth Judicial District Court, State of Nevada, in which the above captioned matter is now pending, to the United States District Court for the District of Nevada. In support of said Notice, Defendants state as follows:

**Procedural History**

1.      Plaintiff filed her Complaint in the Eighth Judicial District Court, State of Nevada, on or about December 20, 2024, alleging third degree burns to her left upper thigh and hip.

2.      Defendants Sunbeam Products, Inc., Newell Brands, Inc., and Newell Brands Distribution, LLC., were served on January 3, 2025.

Evans Fears Schuttert McNulty Mickus
6720 Via Austi Parkway, Suite 300
Las Vegas. NV 89119

3.     Defendant CVS Pharmacy, Inc., was served on January 3, 2024.

4.     A copy of pleadings filed in State Court to date are attached hereto as **Exhibit A**.

**The Parties Are Diverse**

5.     Plaintiff's Complaint alleges residence in Clark County, Nevada.

6.     Defendant Sunbeam Products, Inc., is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia, and thus is a citizen of Delaware and Georgia.

7.     Defendant Newell Brands, Inc., is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia, and thus is a citizen of Delaware and Georgia.

8.     Defendant Newell Brands Distribution, LLC's sole member is Defendant Newell Brands, Inc., which is a citizen of Delaware and Georgia. Newell Brands Distribution, LLC is, therefore, a citizen of Delaware and Georgia.

9.     Defendant CVS Pharmacy, Inc., is incorporated under the laws of state of Rhode Island, with its principal place of business in Woonsocket, Rhode Island, and thus is a citizen of Rhode Island.

10.     Based on the foregoing, full diversity exists between the parties.

**Jurisdiction**

11.     This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12.     Plaintiff's Complaint brings counts of Strict Liability and Negligence, for which she claims medical expenses have "*already exceeded $250,000 and continue to increase.*" (Plaintiff's Complaint, ¶59).  Plaintiff further alleges punitive damages.  Based on the above, it is Defendant's understanding and belief that the amount in controversy exceeds $75,000, exclusive of interests and costs.

/ / /

/ / /

**Basis for Removal**

13.     This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

14.     For the reasons set forth above, the amount in controversy exceeds $75,000, exclusive of interests and costs. This notice of removal is filed within 30 days of receiving notice that the Complaint had been filed.

15.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and is being filed with the Clerk of the Clark County Circuit Court Clerk's Office.

WHEREFORE, Defendant files this Notice of Removal so that the entire state court action under Case A-24-908623-C now pending in the Clark County Circuit Court, State of Nevada, be removed to this Court for all further proceedings.

Dated: January 24, 2025.                    **EVANS FEARS SCHUTTERT MCNULTY MICKUS**

                                            */s/ Jay Schuttert*
                                            Jay J. Schuttert, Esq. (SBN 8656)
                                            Brody R. Wight, Esq. (SBN 13615)
                                            6720 Via Austi Parkway, Suite 300
                                            Las Vegas, NV 89119
                                            Telephone: (702) 805-0290
                                            Facsimile: (702) 805-0291
                                            jschuttert@efsmmlaw.com
                                            bwight@efsmmlaw.com
                                            *Attorneys for Defendants, CVS, Pharmacy, Inc.,*
                                            *Sunbeam Products, Inc., Newell Brands.,*
                                            *Inc., Newell Brands Distribution LLC*

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** was served on counsel of record this 24th day of January, 2025 using the Court's CM/ECF System.

/s/    Danue High
An Employee of Evans Fears & Schuttert LLP

# EXHIBIT A

Electronically Issued
12/20/2024 4:22 PM

**SUMM**
ADAM SHEA, (*PHV to be filed*)
  *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
  *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
  *ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
  *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515

THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (*PHV to be filed*)
  *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Carol Jones

CASE NO: A-24-908623-C
Department 25

## EIGHT JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CAROL JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br><br><br>SUMMONS |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS** Rule 12(a)(1)(A)(1). **READ THE INFORMATION BELOW.**

**SUNBEAM PRODUCTS, INC.**

Case Number: A-24-908623-C

A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

(a) File with the Clerk of the court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the court with the appropriate filing fee.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiffs and failure to so respond will result in a judgment of default against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested in the complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

5.    This action is brought to recover judgment as described in complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Patricia Wiley                                          12/23/2024

Respectfully submitted by:

**PANISH SHEA RAVIPUDI LLP**
By: */s/ Ryan A. Casey*
RYAN A. CASEY, Nevada Bar No. 16211
Attorney for Plaintiff

2

Electronically Filed
12/20/2024 4:21 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ADAM SHEA, (*PHV to be filed*)
  *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
  *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
  *ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
  *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515


THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (*PHV to be filed*)
  *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Carol Jones

CASE NO. A-24-908623-C

Department 25

# EIGHT JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CAROL JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1.  **STRICT PRODUCTS LIABILITY**<br>  2.  **NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Arbitration Exemption: Damages in excess of $50,000** |

Plaintiff, CAROL JONES, hereby complains and alleges, by and through her undersigned counsel, causes of action against Defendants, and each of them, as follows:

**THE PARTIES**

1. At all times herein mentioned, Plaintiff, CAROL JONES (hereinafter also referred to as "Ms. Jones" or "Plaintiff"), was and is citizen and resident of the State of Nevada, Clark County and intends to remain in Nevada. Plaintiff does not intend to reside in, live in or otherwise domicile in any other state but the State of Nevada.

2. At all times herein mentioned Defendant, CVS PHARMACY, INC., was and is a duly organized corporation incorporated in Delaware. CVS PHARMACY, INC., (also referred to as "CVS") has its principal place of business in Woonsocket, Rhode Island, and was and is authorized to conduct, and was and is conducting, business in Nevada.

3. At all times herein mentioned Defendant, SUNBEAM PRODUCTS, INC., was and is a duly organized corporation incorporated in Delaware. SUNBEAM PRODUCTS, INC. (also referred to as "SUNBEAM") has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

4. At all times herein mentioned Defendant, NEWELL BRANDS INC., was and is a duly organized corporation incorporated in Delaware. NEWELL BRANDS INC. (also referred to as "NEWELL") has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

5. At all times herein mentioned Defendant, NEWELL BRANDS DISTRIBUTION LLC (also referred to as "NEWELL DISTRIBUTION"), was and is a duly organized corporation incorporated in Delaware. NEWELL BRANDS DISTRIBUTION LLC has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

6. Plaintiff is ignorant of the true names, identities or capacities, whether individual, associate, corporate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is

PANISH | SHEA | RAVIPUDI LLP

2

informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged. Plaintiff will ask leave of Court to amend the Complaint to insert their true names, identities, or capacities, together with proper charging allegations, when ascertained.

7.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and employment and with the permission and consent of, and their actions were ratified by, the other defendants.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were legally and proximately caused by those defendants.

8.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1 through 100, inclusive, (collectively referred to as "DEFENDANTS" or "Defendants") were and now are engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain heating pads, including but not limited to the subject CVS Health Electric Heating Pad, model CAT 95D ("Subject Heating Pad") that was being used by Plaintiff CAROL JONES and caused severe and permanent burn injuries to Ms. Jones.

///

///

3

**JURISDICTION AND VENUE**

9.    This Court has jurisdiction over this matter because all Defendants conduct business in, or purposely avail themselves of the State of Nevada, Clark County, and sold the Subject Heating to in Clark, County Nevada.

10.    Venue is proper in the County of Clark, Nevada, as the acts, omissions and injuries occurred in Las Vegas, Clark County, Nevada.

**FACTUAL INTRODUCTION**

11.    On or about July 10, 2023, in Las Vegas, Nevada, Plaintiff CAROL JONES was using the Subject Heating Pad in the manner intended, instructed and reasonably foreseeable by the Defendants.  Plaintiff CAROL JONES had placed the heating pad on her left upper thigh and hip.  The Heating Pad catastrophically failed and malfunctioned, causing severe, permanent, and disfiguring injuries, including but not limited to severe, third degree burn injuries to Ms. Jones's left upper thigh and hip.  As a result of her third degree burn injuries, CAROL JONES has undergone multiple hospitalizations and two surgeries. On information and belief, CAROL JONES's medical expenses to date exceed $250,000.00. She will require future medical care as well.

12.    Prior to Plaintiff's injuries, Defendants had long been aware that their heating pads reached temperatures of 150°F and greater.  In fact, Defendants deigned the Subject Heating Pad, and all of their heating pads, to reach temperatures of 150°F and greater.

13.    Prior to Plaintiff's injuries, Defendants had been notified of at least three-hundred and twelve (312) burn by users of Defendants' heating pads that were exemplars of the Subject Heating Pad.

14.    Prior to Plaintiff's injuries, Defendants had also long been aware that their heating pads could cause severe and permanent third degree burns once the heating pad reached a temperature of 109°F.  Defendants knew that the United States Food and Drug Administration ("FDA") limited heating pad temperatures to 109°F.  With knowledge of the probable harmful consequences of designing, manufacturing, not properly warning

PANISH | SHEA | RAVIPUDI LLP

4

users, marketing, distributing and selling the Subject Heating Pad, Defendants acted despicably and with a conscious disregard for the safety of others, by willfully and deliberately failing to avoid the consequences of severe and permanent burn injuries.

15. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately failing to warn of the high temperatures reached by Subject Heating Pad which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

16. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately continuing to market and sell such heating pads, which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

## FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

**(By Plaintiff, CAROL JONES, as Against Defendants, CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1-100, inclusive)**

17. Plaintiff refers to all preceding paragraphs, inclusive, and incorporate them as if set forth in full in this cause of action.

18. Defendants, and each of them, knew and intended that the Subject Heating Pad would be used without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

19. At all times herein mentioned, Defendants, and each of them, were engaged in the business of, amongst other things, researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

5

repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to, the subject Heating Pad, and, as such, are strictly liable in tort for the defects and deficiencies herein discussed which caused injury to Plaintiff as alleged herein.

20.    Prior to Plaintiff's injuries, Defendants had also long been aware that their heating pads could cause severe and permanent third degree burns once the heating pad reached a temperature of 109°F.  Defendants knew that the United States Food and Drug Administration ("FDA") limited heating pad temperatures to 109°F.   With knowledge of the probable harmful consequences of designing, manufacturing, not properly warning users, marketing, distributing and selling the Subject Heating Pad, Defendants acted despicably and with a conscious disregard for the safety of others, by willfully and deliberately failing to avoid the consequences of severe and permanent burn injuries.

21.    Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately failing to warn of the high temperatures reached by Subject Heating Pad which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

22.    Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately continuing to market and sell such heating pads, which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

23.    At all times herein mentioned, the Subject Heating Pad was defective and unreasonably dangerous, both in manufacture and in design, as a result of overheating, causing burn injuries, and failing to automatically shut off as advertised, thereby rendering the Subject Heating Pad unsafe for its intended use and that defects were a cause of injury to Plaintiff

6

herein.

24. The Subject Heating pad was unreasonably dangerous in that the Subject Heating Pad failed to perform in the manner reasonably to be expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community.

25. The Subject Heating Pad was and is unsafe for its intended purpose in that it failed unexpectedly, catastrophically and without warning when used as instructed by Defendants, and each of them, or when used in a manner reasonably foreseeable to Defendants, and each of them thereby causing serious and permanent injuries such as those suffered by Plaintiff, CAROL JONES, herein.  The defect existed in the subject Heating Pad at the time it left the possession of the Defendants, and each of them.  Said Subject Heating Pad did, in fact, cause personal injuries, including those suffered by Plaintiff, CAROL JONES, herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

26. At all times mentioned herein, the Subject Heating Pad failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in their design outweighed the benefits of said subject products.

27. At all times mentioned herein, the foreseeable use of the Subject Heating Pad involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, including Plaintiff, CAROL JONES, herein, but which danger was known to Defendants, and each of them who failed to adequately warn of the substantial danger.  Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

28. At all times mentioned herein, the Subject Heating Pad was defective in manufacture in that it malfunctioned unexpectedly and, as a result of the unexpected malfunction, the

7

Subject Heating Pad was unreasonably dangerous.

29. At the time of the incident complained of, the Subject Heating Pad was in substantially the same condition as it was when they left possession of Defendants, and each of them. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

30. At the times and places mentioned herein, Defendants, and each of them, knew at the time the Subject Heating Pad left their possession, that said product was defective in design and manufacture, that they did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and were dangerous, defective, unfit and unsafe for their intended use and that said conditions were likely to fail catastrophically as described at length hereinabove, when used in a reasonably foreseeable manner, and not properly and adequately tested or inspected. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

31. The Subject Heating Pad had associated deficits, risks and defects, including but not limited to, defective design, defective manufacture, lack of sufficient warnings and/or use instructions, and those additional items enumerated within this Complaint.

32. These associated deficits, risks and defects were known by Defendants, and each of them, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, warning and distribution of the Subject Heating Pad. Defendants acted despicably with a conscious disregard for the safety of others by willfully and

PANISH|SHEA|RAVIPUDI LLP

8

deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

33. The Subject Heating Pad presented substantial dangers to users and consumers of the products that ordinary users and consumers would not have recognized or otherwise have anticipated these associated risks. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

34. Defendants, and each of them, further failed to warn of the potential risks and hazards associated with the Subject Heating Pad when used in a way that was reasonably foreseeable to Defendants, and each of them. Any warnings provided were inadequate, defective and inappropriate. This lack of sufficient use instructions and/or warnings was a substantial factor in causing injuries and damage to Plaintiff, as herein alleged. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

35. At the times and places mentioned herein, Defendants, and each of them, knew or at the time the Subject Heating Pad left said Defendants' possession, that the Subject Heating Pad was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants, and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Heating Pad's defects and deficits in design, manufacture and operational characteristics to those intending to use said subject Heating Pad in the manner in which it was intended to be used.

9

36. At all times and places mentioned herein, Defendants, each of them, failed to use reasonable care to warn, give adequate use instruction or warning to provide facts describing the Subject Heating Pad dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing injury and harm to Plaintiff, CAROL JONES.

37. Prior to, on, and after the date of Plaintiff CAROL JONES's injuries, and at all relevant times, Defendants, and each of them, became aware of the defects of the Subject Heating Pad, including but not limited to the probable harm and risk to users of the Subject Heating Pad overheating and causing burn injuries to users.

38. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, CAROL JONES was severely injured as described herein described and suffered severe and permanent physical and emotional injuries including, but not limited to, severe and permanent second-degree burns.

39. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, CAROL JONES, has suffered permanent injuries to her person, body and health, all to her general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

40. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, CAROL JONES, has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. On information and belief, it is alleged that said expenses already exceed $250,000.00, and continue to increase.

41. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, CAROL JONES, will be required to and will seek additional future medical care and assistance for treatment of her injuries and will thereby incur additional medical and other related expenses for care of his injuries.

42. As a direct and proximate cause of the defects contained within the Subject Heating Pad,

10

as set forth above, Plaintiff, CAROL JONES, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, severe burns and injuries, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not yet known to the Plaintiff. Plaintiff is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

43. Prior to the occurrence of this accident, Plaintiff, CAROL JONES, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges that as a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, CAROL JONES will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will show the total amount of her lost earnings and loss of earning capacity at the time of trial.

### SECOND CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff, CAROL JONES, as Against Defendants, CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC.; and DOES 1-100, inclusive)**

44. Plaintiff refers to all preceding paragraphs, inclusive, and incorporates them as if set forth in full in this cause of action.

45. At all times herein mentioned, Defendants, CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1-100, inclusive (collectively referred to as "DEFENDANTS" or "Defendants") were and now are engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing,

PANISH | SHEA | RAVIPUDI LLP

11

contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff, CAROL JONES.

46. Defendants, and each of them, had a duty to exercise due care researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff CAROL JONES, and Defendants, and each of them, breached said duty of due care. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

47. At all times herein mentioned, Defendants, and each of them, negligently and carelessly researched, designed, manufactured, fabricated, modified, tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, warned, failed to warn, provided warnings, provided instructions for use, conducted post-sale monitoring, failed to conduct post-sale recalls, failed to provide post-sale warnings, and advertised certain Subject Heating Pad, including the subject Heating Pad that injured Plaintiff CAROL JONES, which failed and caused personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff, CAROL JONES herein while being used in a manner that was intended, instructed and

PANISH|SHEA|RAVIPUDI LLP

reasonably foreseeable, thereby rendering the Subject Heating Pad unsafe and dangerous for their intended uses. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

48. Defendants, and each of them, knew, or in the exercise of due care should have known, that the failure to exercise due care in researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff CAROL JONES, would cause, or would foreseeably result in, harm to intended and foreseeable users and bystanders including Plaintiff herein. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

49. Specifically, and without limitation, Defendants, and each of them, were negligent in the researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff CAROL JONES, in that they

13

failed to ensure that the Heating Pad would not overheat, spark, or present other electrical problems thereby posing a risk of burn injury and so to actually cause the burn injury as complained of herein. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

50.   A manufacturer, seller and/or distributor of a product is under a duty to exercise reasonable care in its design of a product so that it can be safely used as intended by the buyer and/or consumer. This duty extends to all persons within the range or zone of potential danger.

51.   At all times and places mentioned herein, Defendants, and each of them, owed a duty to Plaintiff, CAROL JONES, to exercise reasonable care in their design and manufacture of the Subject Heating Pad so that the subject products could be safely used as intended. Defendants, and each of them, were engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings and advertising heating pads, including but not limited to the Subject Heating Pad, and otherwise placing into the stream of commerce, for sale and use by members of the general public, and as such, Defendants, and each of them, owed a duty to the general public and to Plaintiff, CAROL JONES, to produce, design, manufacture, assemble, distribute, sell and otherwise place into the stream of commerce products, including the Subject Heating Pad, that was and is safe for its intended and foreseeable use, and free from defects.

52.   At all times mentioned herein, Defendants, and each of them, were engaged in the

PANISH | SHEA | RAVIPUDI LLP

14

business of designing, manufacturing, assembling, testing, inspecting, warning, distributing, promoting, selling, and otherwise placing in the stream of commerce, for use to members of the general public certain products, including the Subject Heating Pad, which was sold with knowledge that same would be purchased and used without inspection for defect.

53. At all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, warning, distributing, promoting, selling, and otherwise placing in the stream of commerce, for use to members of the general public certain products, including the Subject Heating Pad, and as such defendants, and each of them, owed the general public and to Plaintiff, CAROL JONES, a duty to design, manufacture, market, distribute, promote and otherwise place into the stream of commerce products that are safe in their intended and foreseeable use.

54. At all times and places mentioned herein, Defendants, and each of them, negligently researched, designed, manufactured, fabricated, modified, tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, warned, failed to warn, provided warnings, provided instructions for use, conducted post-sale monitoring, failed to conduct post-sale recalls, failed to provide post-sale warnings, and advertised certain heating pads, including but not limited to the Subject Heating Pad, that was being used by Plaintiff and causing her injuries, as described at length, hereinabove.  Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

55. Defendants, and each of them, breached their duty to the public and to Plaintiff, CAROL JONES, by negligently failing to research, design, manufacture, fabricate, modify, test,

15

label, assemble, distribute, lease, purchase, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-brand, manufacture for others, package, warn, fail to warn, provide warnings, provide instructions for use, conduct post-sale monitoring, failing to conduct post-sale recalls, failing to provide post-sale warnings, and advertise certain heating pads, including but not limited to the Subject Heating Pad, so as to avoid its unsafe and hazardous operational characteristics and safety defects, amongst others. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

56. Prior to the date of CAROL JONES'S injuries, and at all relevant times, Defendants, and each of them, became aware of the defects of the Subject Heating Pad, including but not limited to the risks of overheating and causing severe burn injuries by using the defective Subject Heating Pad to users and consumers who used the products in an intended or reasonably foreseeable manner. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third degree burn injuries.

57. As a direct and proximate cause of the negligence of Defendants, and each of them, as set forth above, Plaintiff, CAROL JONES, was severely injured as described herein described and suffered severe and permanent physical and emotional injuries including, but not limited to, severe burns.

58. As a direct and proximate cause of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, CAROL JONES, has suffered permanent injuries to her person, body and health, all to her general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

16

PANISH | SHEA | RAVIPUDI LLP

59.    As a direct and proximate cause of the aforesaid conduct Defendants, and each of them, as set forth above, Plaintiff, CAROL JONES, has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. On information and belief, it is alleged that said expenses already exceed $250,000.00, and continue to increase.

60.    As a further direct and proximate cause of the negligence of Defendants, and each of them, as set forth above, Plaintiff, CAROL JONES, will be required to and will seek additional future medical care and assistance for treatment of her injuries and will thereby incur additional medical and other related expenses for care of her injuries.

61.    As a further direct and proximate cause of the negligence of Defendants, and each of them, Plaintiff, CAROL JONES, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, severe burns, emotional distress, pain, discomfort, and anxiety.  The exact nature and extent of said injuries are not yet known to the Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

62.    Prior to the occurrence of this accident, Plaintiff, CAROL JONES, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that as a further direct and proximate cause of the negligence of Defendants, and each of them, Plaintiff, CAROL JONES, will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will show the total amount of her lost earnings and loss of earning capacity at the time of trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17

**Wherefore,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      For general damages in an amount within the jurisdictional limits of this court;

2.      Past, future medical and related items of expense, according to proof;

3.      For loss of future earnings and earning capacity, according to proof;

4.      For prejudgment interest;

5.      For punitive damages;

6.      For costs of suit and attorney fees, if awarded by the court, incurred herein; and

7.      For such other and further relief as to the Court appears just and proper.

DATED:  December 20,2024

Adam Shea (PHV to be filed)
Rahul Ravipudi
Colin Cavanaugh
Ryan Casey
PANISH SHEA RAVIPUDI LLP

Thomas S. Alch
David R. Shoop (PHV to be filed)
SHOOP | A PROFESSIONAL LAW CORPORATION

Attorneys for Plaintiff, CAROL JONES

PANISH | SHEA | RAVIPUDI LLP

18

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims so triable.

DATED:  December 20, 2024

_____

Adam Shea (PHV to be filed)
Rahul Ravipudi
Colin Cavanaugh
Ryan Casey
PANISH SHEA RAVIPUDI LLP

Thomas S. Alch
David R. Shoop (PHV to be filed)
SHOOP | A PROFESSIONAL LAW
CORPORATION

PANISH | SHEA | RAVIPUDI LLP

19

**Electronically Filed**
**12/20/2024 4:21 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**IAFD**
ADAM SHEA, (*PHV to be filed*)
 *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
 *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
 *ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
 *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515

THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (*PHV to be filed*)
 *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Carol Jones

CASE NO: A-24-908623-C
Department 25

# EIGHT JUDICIAL DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CAROL JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.:**<br>**Dept No.:**<br><br>**INITIAL APPEARANCE FEE DISCLOSURE PURSUANT TO**<br>**NRS CHAPTER 19** |

/ / /

/ / /

/ / /

Pursuant to Nevada Revised Statute Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

CAROL JONES                                                    $270.00

TOTAL REMITTED                                           **$270.00**

**DATED:** December 20, 2024

**PANISH SHEA RAVIPUDI LLP**

By: _____
Adam Shea (PHV to be filed)
Rahul Ravipudi
Colin Cavanaugh
Ryan Casey
PANISH SHEA RAVIPUDI LLP

Thomas S. Alch
David R. Shoop (PHV to be filed)
SHOOP | A PROFESSIONAL LAW
CORPORATION
Attorney for Plaintiff

2



# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 30549086**
**Date Processed: 01/03/2025**

**Primary Contact:**      Marc P. Clements
Jarden Corporation
3600 North Hyrdaulic Street
Wichita, KS 67219-3812

| | |
|---|---|
| **Entity:** | Sunbeam Products, Inc.<br>Entity ID Number  3672673 |
| **Entity Served:** | Sunbeam Products, Inc. |
| **Title of Action:** | Carol Jones vs. Cvs Pharmacy, Inc. |
| **Matter Name/ID:** | Carol Jones vs. Cvs Pharmacy, Inc. (16712531) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-24-908623-C |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 01/03/2025 |
| **Answer or Appearance Due:** | 21 days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Panish Shea Ravipudi Llp<br>877-800-1700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed
1/9/2025 4:23 PM
Steven D. Grierson
**CLERK OF THE COURT**

# AFFIDAVIT OF SERVICE

**EIGHT JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| CAROL JONES, an individual<br><br>Plaintiff(s)<br><br>v.<br><br>CVS PHARMACY, INC.; SUNBEAM PRODUCTS, INC, et al.<br><br>Defendant(s) | Case No.:A-24-908623-C<br>Ryan A Casey,Esq  035083<br>PANISH \| SHEA \| RAVIPUDI LLP<br>11111 Santa Monica Blvd 700<br>Los Angeles, CA 90025<br>(310) 477-1700<br>*Attorneys for the Plaintiff*<br><br>Client File# 24121750242; Jones v CVS;S&C servic |

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware.  I received a copy of the SUMMONS; COMPLAINT; DISTRICT COURT CIVIL COVER SHEET from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 2:29 PM at 251 Little Falls Dr, Wilmington, DE 19808 I served SUNBEAM PRODUCTS, INC. with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with "Jane Doe" (refused to provide full name), Litigation Management Representative (Authorized to Accept).

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/7/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656

Control #:LA599029
Reference: 24121750242; Jones v CVS;S&C servic

Electronically Filed
1/6/2025 1:40 PM
Steven D. Grierson
CLERK OF THE COURT

**AFFIDAVIT OF SERVICE**

**EIGHT JUDICIAL DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Carol Jones, an Individual

        Plaintiff(s)

    v.

CVS Pharmacy, Inc., et al.

        Defendant(s)

Case No.:A-24-908623-C
Adam K.Shea.Esq  166800
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750242

I, Daniel LaMotte, being sworn, states: That I am a licensed process server registered in Nevada.  I received a copy of the Summons; Complaint; District Court Civil Cover Sheet from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 1:15 PM at 701 S Carson St Ste 200, Carson City, NV 89701 I served CVS PHARMACY, INC with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with CT Corporation Systems, Registered Agent, by Serving Ana Gomes, Authorized Agent.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 36-40, Height: Seated, Weight: 161-180 Lbs, Hair: Brown, Eyes:Blue

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/3/2025

Daniel LaMotte
Registered Work Card# R-2020-01425
State of Nevada

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656

Control #:LA599015
Reference: 24121750242

**Electronically Filed
1/9/2025 4:23 PM
Steven D. Grierson
CLERK OF THE COURT**

**AFFIDAVIT OF SERVICE**

**EIGHT JUDICIAL DISTRICT COURT
CLARK COUNTY, NEVADA**

CAROL JONES, an individual

        Plaintiff(s)

   v.

CVS PHARMACY, INC., et al.

        Defendant(s)

Case No.:A-24-908623-C
Ryan A Casey,Esq  035083
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750242

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware.  I received a copy of the SUMMONS; COMPLAINT; DISTRICT COURT CIVIL COVER SHEET from PANISH | SHEA | RAVIPUDI LLP

That on 1/6/2025 at 5:56 PM at 251 Little Falls Dr, Wilmington, DE 19808-1674 I served NEWELL BRANDS DISTRIBUTION LLC with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with "Jane Doe" (refused to provide full name), Litigation Management Representative (Authorized to Accept).

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/7/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656

Control #:LA599024
Reference: 24121750242

Electronically Filed
1/9/2025 4:23 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

## EIGHT JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

CAROL JONES, an individual

Plaintiff(s)

v.

CVS PHARMACY, INC., et al.

Defendant(s)

Case No.:A-24-908623-C
Ryan A Casey,Esq  035083
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750242

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware.  I received a copy of the SUMMONS; COMPLAINT; DISTRICT COURT CIVIL COVER SHEET from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 2:29 PM at 251 Little Falls Dr, Wilmington, DE 19808-1674 I served NEWELL BRANDS INC. with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with "Jane Doe" (refused to provide full name), Litigation Management Representative (Authorized to Accept).

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date:  1/7/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656

Control #:LA599023
Reference: 24121750242